# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Elizabeth F. Andrade

**DEFENDANTS**
Trustees of the University of Pennsylvania

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 905, Philadelphia PA 19110 215 557 9550

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 USC Section 1981

Brief description of cause:
Employment discrimination - race and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE None DOCKET NUMBER

DATE 5/24/2023

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Philadelphia, PA

Address of Defendant: Philadelphia, PA

Place of Accident, Incident or Transaction: Philadelphia, PA

***RELATED CASE IF ANY:***

Case Number: None Judge: Date Terminated

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: 5/24/2023 [signature] 37692

Attorney-at-Law (Must sign above) Attorney I.D. # (if applicable)

**Civil (Place a √ in one category only)**

A. ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify)*:

**B. *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Robert T Vance Jr, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 5/24/2023 [signature] 37692

Attorney-at-Law (Sign here if applicable) Attorney ID # (if applicable)

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**United States District Court for the Eastern District of Pennsylvania**

| | | |
|---|---|---|
| Elizabeth F. Andrade | : | |
| | : | |
| vs | : | Civil Action No. |
| | : | |
| Trustees of the University of Pennsylvania | : | ***Jury Trial Demanded*** |
| | : | |

***Complaint***

Plaintiff, Elizabeth F. Andrade, bring a series of claims against the defendant, Trustees of the University of Pennsylvania, of which the following is a statement:

***Jurisdiction and Venue***

1. This Court has original jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1343, this action being brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub.L. 102-166, 105 Stat. 1071 (Nov. 21, 1991). This Court may exercise supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

2. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391(b).

3. The acts set forth in this Complaint were authorized, ordered, condoned, ratified, and/or done by officers, agents, employees and/or representatives of defendant Trustees of the University of Pennsylvania ("Penn"), while actively engaged in the management of Penn's business and pursuant to Penn's official policies and customs.

***Parties***

4. Plaintiff, Elizabette Andrade, is an African American female citizen of the United States and a resident of this judicial district.

5. Defendant, Trustees of the University of Pennsylvania, is a private not for profit institution with a principal place of business located at 3451 Walnut Street, Philadelphia, Pennsylvania.

***Background Facts***

6. In April 2020, defendant hired Ms. Andrade as Coordinator of Nutrition Education. On February 7, 2021, defendant promoted Ms. Andrade to the position of Director of Nutrition & Wellness Education. She still performed the functions of the position of Coordinator of Nutrition Education, but was only paid for the Director of Nutrition & Wellness Education role. Beginning in August 2021, Ms. Andrade no longer performed the functions of the Coordinator of Nutrition Education position.

7. Initially, Ms. Andrade supervised four (4) full-time Nutrition Education staff members. Shortly thereafter, without approval from defendant's Human Resources Department, Ms. Andrade was required to supervise all full-time and part-time staff, a total of 10 employees, without receiving additional compensation or reclassification.

8. In February 2022, because of the additional staff she was required to manage and based on internal and external market factors, Ms. Andrade requested a salary increase, and received both a verbal and written commitment that a salary increase would be proposed to HR.

9. On February 28, 2022, Ms. Andrade terminated a subordinate employee because of their performance deficiencies. The termination was reviewed and approved by HR.

10. At about the same time, Ms. Andrade was informed verbally that she was not permitted to communicate with HR or Department Heads without the oversight of Bianca del Rio, the Executive Director of University-Assisted Community Schools (UACS), the Primary Investigator on the grant under which Ms. Andrade was employed and Ms. Andrade's supervisor,

and Cory Bowman, defendant's Associate Director, Netter Center for Community Partnerships, and Ms. del Rio's supervisor.

11. On March 3, 2022, Ms. del Rio sent Ms. Andrade an email stating that she would be checking with Ms. Andrade's direct reports, and requesting that she join Ms. Andrade's one-on-one check-in meeting with her direct reports. Ms. Andrade accepted her request.

12. On March 4, 2022, Ms. Andrade sent an email to Paula Pritchett, defendant's Director of Human Resources for the School of Arts & Sciences, requesting a meeting to discuss concerns she had that she wanted Ms. Pritchett to keep confidential.

13. On March 7, 2022, Ms. del Rio sent an email to Ms. Andrade stating that if she had any concern about her, Ms. Andrade should include Mr. Bowman or Rita Hodges, defendant's Associate Director, Netter Center for Community Partnerships.

14. On March 16, 2022, Ms. Andrade met with Mr. Bowman to address the termination of the staff member and other concerns, at which time Mr. Bowman revealed to Ms. Andrade that he was under the impression and led to believe that Ms. Andrade had acted alone in terminating the staff member and that Ms. del Rio did not know the termination was going to occur. However, Ms. del Rio was made aware of the termination in advance of the termination.

15. On March 24, 2022, Ms. Andrade sent an email to Mr. Bowman proposing a team meeting to discuss her concerns.

16. On April 14, 2022, Ms. Andrade had a team meeting with Ms. del Rio, Mr. Bowman, and Regina Bynum, defendant's Director of Teaching & Learning, Netter Center for Community Partnerships, about the SNAP-Ed roles, her salary, and compliance. During the meeting, Ms. Andrade made clear that it was not compliant to "integrate and aggregate" the SNAP-Ed grant for Agatston Urban Nutrition Initiative (UNI) funds with other Netter Center

programs because of the parameters for the use of those funds created by the funders. Ms. Andrade expressed concern about signing federal documents that might contradict compliance. No resolution was achieved on the issues.

17. On April 15, 2022, Ms. Andrade was informed that the 10% salary equity increase she had been promised would be reduced to 5% due to proposed budget cuts, while funds were allocated to non-SNAP-Ed work.

18. On April 22, 2022, Ms. Andrade was informed the she would not receive the 5% salary equity increase.

19. On May 6, 2022, during the AUNI Leadership meeting, Ms. Andrade was informed that she would no longer serve as the Project Director for FY23 and that her title would change, but that she would continue to assume the same responsibilities. Ms. del Rio also stated she would follow up with defendant's Office of Research Services (ORS) about Ms. Andrade's change of title and communicate with Drexel University to learn more about the PI process. Ms. del Rio also told Ms. Andrade she could no longer communicate with the ME without oversight, despite the fact she had been doing so, without objection from anyone, since she began the role. During this meeting, Ms. Andrade created a PIQ Spreadsheet, that was reviewed by Ms. del Rio and Mr. Bowman, and then shared with the entire AUNI team. The PIQ Spreadsheet clarified roles and responsibilities for the AUNI team.

20. On May 19, 2022, Ms. Andrade emailed an "informal" staff grievance to Ms. Pritchett, concerning interference with staff members, grant compliance, and issues about Eric Williamson's performance evaluation. There was no response from Ms. Pritchett for seven (7) days, so on May 26, 2022, Ms. Andrade followed up with Ms. Pritchett and they agreed to meet on June 6, 2022.

21. On May 26, 2022, Ms. Andrade emailed Ms. Del Rio inquiring about PYN Programming, AUNI involvement, and SNAP-Ed grant compliance. Ms. del Rio did not respond to Ms. Andrade's email.

22. On May 31, 2022, Ms. Andrade emailed Ms. del Rio requesting feedback from her Performance Appraisal meeting, and requested that they follow up on a Zoom call. Ms. del Rio did not respond to Ms. Andrade's email.

23. On June 3, 2022, Ms. Andrade contacted ORS to discuss her concerns and was told that she should contact HR or 215-Comply, defendant's Office of Institutional Compliance.

24. On June 6, 2022, Ms. Andrade met with Ms. Pritchett and Janae Boone, an HR Specialist who reports to Ms. Pritchett, to discuss her May 19, 2022, informal staff grievance and related concerns. Instead of addressing her concerns, Ms. Pritchett told Ms. Andrade that she was not higher than her supervisor, Ms. del Rio and that she needed to align with her supervisor, Ms. del Rio, and if she did not do that, then there was a problem. Furthermore, Ms. Pritchett questioned Ms. Andrade as to why her Supervisor, Ms. del Rio would want to jeopardize the grant. Ms. Pritchett also suggested that Ms. Andrade utilize 215-Comply in relation to grant compliance concerns, and offered to mediate between her and Ms. del Rio. Ms. Andrade decided to utilize 215-Comply.

25. On June 14, 2022, Ms. del Rio joined a meeting between Ms. Andrade and one of her direct reports, the purpose of which was to discuss Ms. Andrade's Performance Appraisal for this employee, which he did not agree with. Moreover, Ms. del Rio's act of joining the meeting was directly contrary to Ms. Andrade's request on June 2, 2022, that she be given the opportunity to develop rapport and build a working relationship with her staff.

26. On June 3, 2022, Ms. Andrade filed a 215-Comply report, uploading supporting documentation through July.

27. During the period June 8-15, 2022, Ms. Andrade was encouraged to provide programming at a school site that was not within the Scope of Work of the grant and for which she did not have a LOA. Ms. Andrade was told she needed to keep abreast of all nutrition programming, not just SNAP-Ed, despite the fact that the funding parameters did not permit activities outside of the then current Scope of Work.

28. During that same period, Ms. Andrade sent a follow-up email to Ms. del Rio seeking further clarification about a document she was required to sign attesting to the fact that the AUNI team had committed itself exclusively to SNAP-Ed. Ms. del Rio did not respond to the email.

29. On June 15, 2022, Ms. Andrade met with Ms. del Rio, and followed up by email, about Ms. del Rio usurping her role and leadership and making requests and demands of Ms. Andrade's direct reports without having any prior conversations with Ms. Andrade. Ms. del Rio did not respond to the email.

30. On June 24, 2022, one of Ms. Andrade's direct reports forwarded to her an email in which they were encouraged by Ms. del Rio to consider non-SNAP-Ed programming activities without Ms. Andrade's oversight and without regard to compliance considerations.

31. On July 5, 2022, Ms. del Rio awarded performance-based merit increases to Ms. Andrade's team of 4.5%, including to Eric Williamson, one of Ms. Andrade's subordinates, whose performance was unsatisfactory and who was on a performance improvement plan, which violated defendant's policy. In contrast, Ms. del Rio awarded Ms. Andrade a 3.5% increase, despite the fact that she had been managing more people than she was hired to manage, she had

taken on tasks that were not listed in her job description, and she was understaffed. Ms. del Rio provided no justification for awarding Ms. Andrade only a 3.5% increase, but claimed that factors other than performance were relevant to determining the amount of the increase, which violated the defendant's merit increase policy.

32. On July 7, 2022, Ms. del Rio undermined Ms. Andrade and the other team members in connection with two candidates who were being considered for staff positions.

33. On July 8, 2022, one of Ms. Andrade's direct reports informed her that Ms. del Rio had requested she observe an activity that was outside of the team's Scope of Work for FY22, and had excluded Ms. Andrade in their communications.

34. On July 14, 2022, Ms. Andrade met with Syreeta Wiggins, in defendant's HR department, to discuss her concerns about Ms. del Rio, and provided supporting documents.

35. On July 15, 2022, Ms. Andrade requested permission from Ms. Wiggins to work from home while the investigation of her complaints against Ms. del Rio was ongoing. Ms. Wiggins referred her to Ms. Pritchett, who in turn told Ms. Andrade that she would have to make her request to work from home directly to Ms. del Rio, the subject of her complaint.

36. On July 29, 2022, Ms. Andrade met with Frank Tresnan, Executive Director of defendant's Office of Institutional Compliance, to review the timeline of events related to her complaint against Ms. del Rio. At about the same time, Ms. Andrade met with defendant's Ombudsman to discuss how her work environment was negatively affecting her well-being and work.

37. On August 18, 2022, defendant's HR department informed Ms. Andrade that her claims of retaliation and salary inequity were unfounded.

38. On August 19, 2022, 215-Comply informed Ms. Andrade that the investigation of her complaint against Ms. del Rio was ongoing.

39. On August 22, 2022, Ms. Andrade provided additional documentation to HR and expressed her disagreement with their determination.

40. On September 2, 2022, Ms. Andrade provided additional documentation to HR and requested that HR reconsider its determination.

41. On September 19, 2022, Ms. Andrade received a letter from HR rejecting her claims of retaliation and salary inequity.

42. On September 21, 2022, Ms. Andrade was informed that the 215-Comply investigation was complete.

43. On October 13, 2022, Ms. Andrade contacted Ms. Wiggins and inquired about appealing HR's determination.

44. On October 18, 2022, Ms. del Rio requested Ms. Andrade sign the semi-annual Grant certification and Ms. Andrade did not comply due to the question of grants compliance.

45. On October 20, 2022, Ms. Andrade was given a letter dated October 18, 2022, stating that her employment was terminated due to "reallocation of grants funds."

46. Defendant terminated Ms. Andrade because of her race and in retaliation for her complaints to HR.

47. Ms. Andrade has suffered, is now suffering, and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendant's discrimination and retaliation.

48. By reason of defendant's discrimination and retaliation, Ms. Andrade suffered and will continue to suffer extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

49. Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Ms. Andrade's rights.

***Count I***

*The Civil Rights Act of 1866, 42 U.S.C. §1981*

50. Plaintiff restates and realleges paragraphs 1-49, inclusive, as though set forth here in full.

51. Ms. Andrade had a federal statutory right under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as amended, to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

52. Defendant's conduct described above deprived Ms. Andrade of the rights, privileges and immunities guaranteed to her under Section 1981.

53. By reason of defendant's discrimination and retaliation, Ms. Andrade is entitled to all legal and equitable relief available under Section 1981.

***Jury Demand***

54. Ms. Andrade hereby demands a trial by jury as to all issues so triable.

***Prayer for Relief***

Wherefore, Plaintiff, Elizabeth F. Andrade, respectfully prays that the Court:

a. adjudge, decree and declare that defendant has engaged in illegal race discrimination and retaliation, and that the actions and practices of defendant complained of herein violated her rights under Section 1981;

b. order defendant to provide appropriate job relief to Ms. Andrade, including immediate reinstatement;

c. enter judgment in favor of Ms. Andrade and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, reinstatement, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d. order defendant to pay the attorney's fees, costs, expenses and expert witness fees of Ms. Andrade associated with this case;

e. grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

f. retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full compliance with the law.

Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street - Suite 905
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Elizabeth F. Andrade*